IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                         )
                                               )   Case No. 11-25515
ARGENTUM MEDICAL, LLC, a Delaware              )   Chapter 11
limited liability corporation.                 )
                                               )   Judge Barnes
        debtor/debtor-in-possession.           )

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on the 7th day of August, 2012, at the hour of 10:00 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in room 642 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion of the Law Firm of Crane, Heyman, Simon, Welch & Clar as Debtor's Counsel, For Final Allowance and Payment of Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and attached Motion was caused to be served electronically on all parties on the attached Service List, on the 17th day of July, 2012 before the hour of 5:00 p.m.

/s/Scott R. Clar

## SERVICE LIST

**Court's Electronic Registration:**

United States Trustee
219 S. Dearborn St., #873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

William Connelly
Hinshaw & Culbertson LLP
222 N. LaSalle, #300
Chicago, IL 60601
wconnelly@hinshawlaw.com

Noble Biomaterials
c/o Daniel Johnson
Cozen O'Connor
333 W. Wacker Dr., #1900
Chicago, IL 60606
djohnson@cozen.com,
erodeghier@cozen.com

Noble Biomaterials
c/o Robert W. Hayes
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
rhayes@cozen.com

Jonathan P Friedland
Elizabeth B. Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
jfriedland@lplegal.com,
 ckrueger@lplegal.com
evandesteeg@lplegal.com,
nbailey@lplegal.com

Deborah K. Ebner
Law Office of Deborah Kanner Ebner
11 E. Adams, #904
Chicago, IL 60603
DKEbner@deborahebnerlaw.com,
webmaster@dentertrustee.com;
lizd@deborahebnerlaw.com

Steven Jakubowski
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
sjakubowski@lelpgal.com,
nbailey@lplegal.com

David Fischer
Edwards Wildman Palmer LLP
225 W. Wacker Dr., #3000
Chicago, IL 60606
fischer@wildman.com

Richard S. Lauter
Freeborn & Peters LLP
311 S. Wacker Dr., #3000
Chicago, IL 60606-6677
rlauter@freebornpeters.com

Gregg Silver
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Thomas Miller
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Colette Luchetta-Stendel
Attorney at Law
45 East Maple Street
Lombard, Illinois 60148

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 11-25515
ARGENTUM MEDICAL, LLC, a Delaware ) Chapter 11
limited liability corporation. )
) Judge Sonderby
debtor/debtor-in-possession. )

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment: <u>July 19, 2011</u>

Period for Which Compensation
is Sought: From: <u>June 17, 2011</u> through <u>June 25, 2012</u>

Amount of Fees Sought: <u>$ 161,372.00</u>

Amount of Expense
Reimbursement Sought: <u>$7,886.55</u>

This is a(n): Interim Application ____  Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
|  | 6/17/11 - 10/28/11 | $56,104.63 | $56,104.63 |
|  | 10/29/11 - 3/20/12 | $89,098.89 | $89,098.89 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: $145,203.52

Date: <u>July 16, 2012</u>   Applicant:   Scott R. Clar and the firm
Crane, Heyman, Simon, Welch & Clar

By: <u>/s/Scott R. Clar</u>
Debtor's Counsel

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 11-25515 |
| ARGENTUM MEDICAL, LLC, a Delaware ) | Chapter 11 |
| limited liability corporation. ) | |
| ) | Judge Barnes |
| debtor/debtor-in-possession. ) | |

**MOTION OF THE LAW FIRM OF
CRANE, HEYMAN, SIMON, WELCH & CLAR AS
DEBTOR'S COUNSEL FOR ALLOWANCE AND PAYMENT OF
FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Now come Scott R. Clar, of the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), counsel for the debtor/debtor-in-possession, Argentum Medical, LLC ("Debtor"), and for the Motion pursuant to Sections 330 and 331 of the Bankruptcy Code for Allowance and Payment of Final Compensation and Reimbursement of Expenses, respectfully states as follows:[1]

### INTRODUCTION

1.  On June 17, 2011, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.  Since the Petition Date, the Debtor has operated its business and managed its financial affairs as a debtor-in-possession.

---

[1] CHSWC received a $31,039 pre-petition retainer (the "Pre-Petition Retainer"). On November 29, 2011, CSHWC was allowed the sum of $53,428.50 as interim compensation (the "First Interim Award"). On April 25, 2012, CHWCS was allowed the sum of $84,066.50 in fees and $4,894.39 in expenses (the "Second Interim Award").

-1-

3. An official committee of unsecured creditors was appointed and active in the Debtor's Chapter 11 case; no trustee or examiner was appointed to serve in the Debtor's reorganization case.

4. The Debtor is a Delaware limited liability company located at 3700 N. Lakeshore Drive, Chicago, Illinois 60613 and 464 Stamp Creek Road, Salem, South Carolina, and is engaged in the business of manufacturing and distribution of medical devices for the professional market.

5. On or about July 19, 2011, the Debtor presented its motion to employ CHSWC as the Debtor's bankruptcy counsel ("Motion to Employ"), and on July 20, 2011 an Order was entered by this Court granting the Motion to Employ.

6. By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $161,372.00 and $7,886.55, respectively, for the period commencing June 17, 2011 through and including June 25, 2012, and a direction to the Debtor to pay fees and expenses allowed in excess of the Pre-Petition Retainer, the Interim Award and Second Interim Award.

7. The Debtor's Chapter 11 case has progressed to confirmation of its Fourth Amended Plan of Reorganization on April 26, 2012, and all distributions to creditors except the law firm of Freeborn & Peters ("F&P") have been paid. The funds to pay F&P's allowed and negotiated $350,000 general unsecured claim are currently held in escrow pending a "good faith finding" from the District Court for the Northern District of Illinois in a suit brought by the Debtor for legal malpractice against the Rockey Depke & Lyons law firm.

## CHSWC BIOGRAPHICAL INFORMATION

8. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, insolvency and commercial matters. The firm is comprised of seven (7) attorneys, all of whom have significant experience and expertise in the law firm's area of concentration. The following is certain biographical information pertaining to Scott R. Clar, the member of the law firm who has rendered the majority of the services in the Debtor's Chapter 11 case.

### SCOTT R. CLAR

Scott R. Clar is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been a practicing attorney in the State of Illinois since 1982. He has been primarily responsible for the representation of the Debtor in this case. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January 1988, he became associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, and became a partner in 1994. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors. Mr. Clar has been a panel member and a moderator for several bar association-sponsored bankruptcy seminars. He is a member

of the Federal Trial Bar. He is a former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

9.  The hourly rates charged by CHSWC for legal services rendered in this bankruptcy case are as follows:

| Attorney | 2012 Rate |
|---|---|
| Eugene Crane ("EC") | $490.00 |
| Glenn R. Heyman ("GRH") | $490.00 |
| Arthur G. Simon("AGS") | $470.00 |
| David K. Welch ("DKW") | $470.00 |
| Scott R. Clar ("SRC") | $470.00 |
| Jeffrey C. Dan ("JCD") | $395.00 |
| John H. Redfield ("JHR") | $370.00 |

These hourly rates are the customary and usual rates which CHSWC charges clients on matters of this nature.

10.  The total time expended by CHSWC attorneys in connection with this Chapter 11 case during the period commencing March 21, 2012 through and including June 25, 2012 is as follows:

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 49.8 | $23,406.00 |
| John H. Redfield ("JHR") | .9 | 333.00 |
| **Total:** | **50.7** | **$23,739.00** |

## LEGAL SERVICES RENDERED

11.  The legal services rendered by CHSWC, as more fully described in Exhibits A through I, have been divided into the following categories:

A. **GENERAL ADMINISTRATION**

The legal services rendered in this category include the preparation of motions with respect to employment of special counsel, dealing with creditor inquiries and other administrative matters.

Total Time Expended:     3.0 Hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 2.1 | $ 987.00 |
| John H. Redfield ("JHR") | .9 | 333.00 |
| **Total:** | **3.0** | **$1,320.00** |

Attached to this Motion as Exhibit "A" is an itemization of the legal services rendered in this category.

B. **SECURED CREDITOR ISSUES**

Legal services rendered in this category include preparation of Cash Collateral Orders and review of budgets in connection with the use of cash collateral of the Debtor's secured creditor, Cura Investment Group, LLC.

Total Time Expended:    .1 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | .1 | $ 47.00 |
| **Total:** | **.1** | **$ 47.00** |

Attached to this Motion as Exhibit "B" is an itemization of the legal services rendered in this category.

C. **NOBLE BIOMATERIALS LITIGATION AND RELATED MATTERS**

The legal services rendered in this category include settlement negotiations with Noble, various telephonic and other communications with Noble's counsel resulting in a settlement of Noble's general unsecured claim, paving the way for confirmation of the Debtor's Plan.

Total Time Expended:    14.5 Hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 14.5 | $6,815.00 |
| **Total:** | **14.5** | **$6,815.00** |

Attached to this Motion as Exhibit "C" is an itemization of the legal services rendered in this category.

D. **PATENT AND LICENSE ISSUES**

Services rendered in this category during the Chapter 11 case concerned interaction with patent attorneys retained by the Debtor in connection with bankruptcy issues. The Debtor's business is dependent upon its domestic and interpersonal patents.

Total Time Expended:    12.6 Hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 12.6 | $5,922.00 |
| **Total:** | **12.6** | **$5,922.00** |

Attached to this Motion as Exhibit "D" is an itemization of the legal services rendered in this category

E. **FORMULATING PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

A significant amount of time was spent by CHSWC with respect to the formulation, revision and court appearances in connection with the Debtor's plan of reorganization, which progressed to the point of confirmation of the Debtor's Fourth Amended Plan on April 26, 2012, and the aforementioned 100% plus interest distribution to general unsecured creditors.

Total Time Expended: 6.1 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 6.1 | $2,867.00 |
| **Total:** | **6.1** | **$2,867.00** |

Attached to this Motion as Exhibit "D" is an itemization of the legal services rendered in this category.

F. **PREPARING INTERIM FEE APPLICATION**

The legal services rendered in this category include preparing second and final fee applications of CHSWC.

Total Time Expended: 2.3 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 2.3 | $1,081.00 |
| **Total** | **2.3** | **$1,081.00** |

Attached to this Motion as Exhibit "F" is an itemization of the legal services rendered in this category.

### G. SETTLEMENT OF DIRECTORS & OFFICERS INSURANCE POLICY CLAIM

The legal services rendered in this category include the review and analysis of the Debtor's Directors and Officers policy and preparation of a motion to compromise regarding a claim made on the policy, including telephone conferences with the Debtor's principals, and special counsel Thomas C. Cronin, regarding settlement of the claim. CHSWC also expended a considerable amount of time in connection with the overruled objection of Noble to settlement of the D&O policy claim, as well as Noble's appeal of Judge Squires' Order compromising the claim.

Total Time Expended:   3.9 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 3.9 | $1,833.00 |
| **Total:** | **3.9** | **$1,833.00** |

Attached to this Motion as Exhibit "G" is an itemization of the legal services rendered in this category.

### H. FREEBORN & PETERS SETTLEMENT

Services rendered in this category include the negotiation of a settlement with the law firm of Freeborn & Peters LLC ("F&P"), whereby F&P reduced its claim by more than $800,000 to $350,000. CHSWC also drafted and presented a motion to settle F&P's claim, which motion was approved by the court.

Total Time Expended:   31.5 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 6.9 | $3,243.00 |
| **Total:** | **6.9** | **$3,243.00** |

Attached to this Motion as Exhibit "H" is an itemization of the legal services rendered in this category.

### I.   CLAIMS OBJECTIONS OTHER THAN NOBLE

Services provided in this category consisted of successful objections to general unsecured claims other than Noble, including the claims of Microbiological Consultants, Inc., A. Bart Flick and the law firm of Rockey, Depke & Lyons LLC.

Total Time Expended:        1.3 hours

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Scott R. Clar ("SRC") | 1.3 | $611.00 |
| **Total:** | **1.3** | **$611.00** |

Attached to this Motion as Exhibit "I" is an itemization of the legal services rendered in this category.

### EXPENSES INCURRED

11.   During the course of the representation of the Debtor, CHSWC has incurred necessary expenses for which reimbursement is sought. The total amount of these expenses for the period commencing March 21, 2012 through and including June 25, 2012 is $226.03. Attached to this motion as Exhibit "J" is an itemization of the expenses incurred.

### CONCLUSION

12.   Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, or agreed to share, any compensation received as a result of this case with

-9-

any person, firm or entity. No promises concerning compensation have been made to CHSWC by any person, firm or entity.

13. CHSWC asserts that the final compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered, based upon the time, nature, extent and value of such legal services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

14. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor in this Chapter 11 case.

WHEREFORE, for the foregoing reasons, Scott R. Clar, and the law firm of Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, pray for the entry of an order pursuant to Sections 330 and 331 of the Bankruptcy Code, as follows:

a) Allowing final compensation and reimbursement of expenses to CHSWC in the amounts of $161,372.00 and $7,886.55, respectively for services provided from the period commencing June 17, 2011 through and including June 25, 2012.

b) Authorizing payment by the Debtor to CHSWC of the sum of $23,965.03, representing fees and expenses incurred in excess of the Pre-Petition Retainer, First Interim Award and Second Interim Award; and

c) Granting such other relief as may be just and equitable.

Respectfully submitted,

CRANE, HEYMAN, SIMON, WELCH & CLAR

By: /s/Scott R. Clar
One of its attorneys

**DEBTOR'S COUNSEL:**

Scott R. Clar
(Atty. No. 06183741)
John H. Redfield
(Atty. No. 2298090)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777
W:\MJO2\Argentum Medical\Pay CHSWC - Final.mot and NOM.wpd