## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No. 11-25515** |
| ARGENTUM MEDICAL, LLC, a Delaware | ) Chapter 11 |
| limited liability corporation. | ) |
| | ) Judge Barnes |
| debtor/debtor-in-possession. | ) |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on the 7th day of August, 2012, at the hour of 10:00 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in room 642 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion of the Pabst Patent Group, LLP as Debtor's Special Patent Counsel, For Final Allowance and Payment of Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

### CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and attached Motion was caused to be served electronically on all parties on the attached Service List, on the 17th day of July, 2012 before the hour of 5:00 p.m.

/s/Scott R. Clar

## SERVICE LIST

**Court's Electronic Registration**:

United States Trustee
219 S. Dearborn St., #873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

William Connelly
Hinshaw & Culbertson LLP
222 N. LaSalle, #300
Chicago, IL 60601
wconnelly@hinshawlaw.com

Noble Biomaterials
c/o Daniel Johnson
Cozen O'Connor
333 W. Wacker Dr., #1900
Chicago, IL 60606
djohnson@cozen.com,
erodeghier@cozen.com

Noble Biomaterials
c/o Robert W. Hayes
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
rhayes@cozen.com

Jonathan P Friedland
Elizabeth B. Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
jfriedland@lplegal.com,
 ckrueger@lplegal.com
evandesteeg@lplegal.com,
nbailey@lplegal.com

Deborah K. Ebner
Law Office of Deborah Kanner Ebner
11 E. Adams, #904
Chicago, IL 60603
DKEbner@deborahebnelaw.com,
webmaster@dentertrustee.com;
lizd@deborahebnerlaw.com

Steven Jakubowski
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
sjakubowski@lelpgal.com,
nbailey@lplegal.com

David Fischer
Edwards Wildman Palmer LLP
225 W. Wacker Dr., #3000
Chicago, IL 60606
fischer@wildman.com

Richard S. Lauter
Freeborn & Peters LLP
311 S. Wacker Dr., #3000
Chicago, IL 60606-6677
rlauter@freebornpeters.com

Gregg Silver
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Thomas Miller
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Colette Luchetta-Stendel
Attorney at Law
45 East Maple Street
Lombard, Illinois 60148

Charles Vorndran
Pabst Patent Group, LLP
1545 Peachtree St. NE, # 320
Atlanta, GA 30309
**Email**: charlie@pabstpatent.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)  Case No. 11-25515
ARGENTUM MEDICAL, LLC, a Delaware )  Chapter 11
limited liability corporation. )
)  Judge Sonderby
debtor/debtor-in-possession. )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>PABST PATENT GROUP, LLP, Debtor's Patent Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment:   <u>July 19, 2011</u>

Period for Which Compensation
is Sought:   From: <u>June 17, 2011</u> through <u>April 26, 2012</u>

Amount of Fees Sought: <u>$ 62,434.75</u>

Amount of Expense
Reimbursement Sought:   <u>$15,828.42</u>

This is a(n):  Interim Application ___    Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
|  | 6/17/11 - 11/17/11 | $56,070.67 | $56,070.67 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and
expenses herein is: $56,070.67

Date: <u>July 17, 2012</u>          Applicant:          Scott R. Clar and the firm
<u>Crane, Heyman, Simon, Welch & Clar</u>

By: <u>/s/Scott R. Clar</u>
Debtor's Counsel

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )   Case No. 11-25515
ARGENTUM MEDICAL, LLC, a Delaware         )   Chapter 11
limited liability corporation.            )
                                          )   Judge Barnes
        debtor/debtor-in-possession.      )

**MOTION OF THE PABST PATENT GROUP, LLP AS DEBTOR'S
SPECIAL PATENT COUNSEL, FOR FINAL ALLOWANCE AND
<u>PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Now comes Pabst Patent Group, LLP ("Pabst"), special patent counsel for the
debtor/debtor-in-possession, Argentum Medical, LLC ("Debtor"), and for the Motion for
Allowance and Payment of Final Compensation and Reimbursement of Expenses,
pursuant to Sections 330 and 331 of the Bankruptcy Code, respectfully states as follows:

<u>INTRODUCTION</u>

1.      On June 17, 2011, the Debtor filed a voluntary petition under Chapter 11
of the Bankruptcy Code (the "Petition Date").

2.      Since the Petition Date, the Debtor has operated its business and managed
its financial affairs as a debtor-in-possession.

3.      An official committee of unsecured creditors was appointed and active in the
Debtor's Chapter 11 case; no trustee or examiner was appointed to serve in the Debtor's
reorganization case.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections
157 and 1334.

-1-

5.    This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b).

6.    The Debtor employs approximately five (5) employees, and had sales of approximately $6 million in the calendar year 2010.

7.    The Debtor is a Delaware limited liability company located at 3700 N. Lakeshore Drive, Chicago, Illinois 60613 and 464 Stamp Creek Road, Salem, South Carolina, and is engaged in the business of manufacturing and distribution of medical devices for the professional market.

8.    The Debtor's business involves the use of various patents both domestic and international and the Debtor has employed Pabst Patent Group, LLP, ("Pabst") as Special Intellectual Property Counsel to the Debtor prior to the Petition Date.

9.    By Order of the Court entered on July 12, 2011, Pabst was approved as special patent counsel for the Debtor and authorized and received a retainer of $28,260.00 (the "Retainer").    At that time, the Debtor paid the retainer and inadvertently remitted additional post-petition payments in the amount of $35,682.78 (the "Excess Payments"). Pabst returned the Excess Payments to the Debtor.

10.    By Order of this Court dated January 10, 2012, upon the First Interim Application of Pabst, and covering the period from June 17, 2011 through and including November 17, 2011, Pabst was allowed fees in the amount of $43,412.25 and expenses of $12,658.42 (the "Interim Award.").

11.    The Interim Award also authorized Pabst to apply $8,260 of the Retainer and to retain $20,000 for future work (the "Future Retainer").

-2-

12.     Pabst's engagement involved preparation, filing and prosecution of patent applications, providing intellectual property litigation consulting, review of intellectual property license agreements, rendering of opinions, preparation and prosecution of trademarks and trademark applications, and providing general intellectual property advice as needed to the Debtor to preserve the Debtor's valuable intellectual property assets.

13.     Pabst's efforts proved invaluable to the Debtor during the course of its Chapter 11 case in preserving the Debtor's critical national and international patents.

14.     On April 26, 2012, this Court confirmed the Debtor's Fourth Plan of Reorganization, and the Debtor has paid its general unsecured creditors 100% of their claims plus interest.

15.     By this Motion, Pabst requests an allowance of final compensation and reimbursement of expenses in the amounts of $19,022.50 and $3,170.00 (the "Additional Fees"), respectively, for the period commencing November 28, 2011  through and including April 26, 2012.  Pabst seeks to apply the Future Retainer to the Additional Fees, leaving a balance due and owing of $2,192.50.

16.     Pabst's services were rendered solely in the area of advising the Debtor as to the preservation of patent rights and preserving those rights both nationally and internationally.

17.     Pabst is a law firm whose practice is exclusively concentrated in the area of patent and intellectual property law, and is located in Atlanta, Georgia.

18.     During the course of the representation of the Debtor, Pabst incurred necessary expenses for which reimbursement is sought.  Attached to this Motion as Exhibit B is an itemization of the Patent Law Services provided by the Pabst firm.  The

-3-

total amount of these expenses for the period November 28, 2011 through April 26, 2012,
is $3,170.00.  An itemization of the expenses incurred is attached hereto as **Exhibit C**.

## CONCLUSION

12.     Other than as provided in Section 504(b) of the Bankruptcy Code, Pabst has
not shared, or agreed to share, any compensation received as a result of this case with any
person, firm or entity.  No promises concerning compensation have been made to Pabst
by any person, firm or entity.

13.     Pabst asserts that the final compensation requested in this Motion is
reasonable compensation for the actual and necessary legal services rendered, based
upon the time, nature, extent and value of such legal services.  Pabst further asserts that
the cost of legal services rendered for and on behalf of the Debtor is comparable to the
cost of similar services in matters other than under the Bankruptcy Code.

14.     Pabst asserts that the expenses for which reimbursement is sought in this
Motion are reasonable and were actual and necessary expenditures required in the
representation of the Debtor in this Chapter 11 case.

WHEREFORE, for the foregoing reasons, Scott R. Clar, and the law firm of Crane,
Heyman, Simon, Welch & Clar, counsel for the Debtor, pray for the entry of an order
pursuant to Sections 330 and 331 of the Bankruptcy Code, as follows:

a)   Allowing final compensation and reimbursement of expenses to Pabst in the
amounts of $62,434.75 and $15,828.42, respectively for services provided from the period
commencing June 17, 2011 through and including April 26, 2012.

b)     Authorizing payment by the Debtor to Pabst of the sum of $2,192.50,
representing fees and expenses incurred in excess of the Pre-Petition Retainer and the
Interim Award; and

-4-

c) Granting such other relief as may be just and equitable.

Respectfully submitted,

CRANE, HEYMAN, SIMON, WELCH & CLAR

By: /s/Scott R. Clar
One of its attorneys

**DEBTOR'S COUNSEL:**
Scott R. Clar
(Atty. No. 06183741)
John H. Redfield
(Atty. No. 2298090)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777
W:\MJO2\Argentum Medical\Pay Pabst - Final.mot and NOM.wpd