IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) **Case No. 11-25515**
ARGENTUM MEDICAL, LLC, a Delaware ) Chapter 11
limited liability corporation. )
) Judge Barnes
debtor/debtor-in-possession. )

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on the 7th day of August, 2012, at the hour of 10:00 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in room 642 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion of the Law Firm of Cronin & Co., Ltd. as Debtor's Special Litigation Counsel, For Final Allowance and Payment of Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and attached Motion was caused to be served electronically on all parties on the attached Service List, on the 17th day of July, 2012 before the hour of 5:00 p.m.

/s/Scott R. Clar

## SERVICE LIST

**Court's Electronic Registration:**

United States Trustee
219 S. Dearborn St., #873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

William Connelly
Hinshaw & Culbertson LLP
222 N. LaSalle, #300
Chicago, IL 60601
wconnelly@hinshawlaw.com

Noble Biomaterials
c/o Daniel Johnson
Cozen O'Connor
333 W. Wacker Dr., #1900
Chicago, IL 60606
djohnson@cozen.com,
erodeghier@cozen.com

Noble Biomaterials
c/o Robert W. Hayes
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
rhayes@cozen.com

Jonathan P Friedland
Elizabeth B. Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
jfriedland@lplegal.com,
ckrueger@lplegal.com
evandesteeg@lplegal.com,
nbailey@lplegal.com

Deborah K. Ebner
Law Office of Deborah Kanner Ebner
11 E. Adams, #904
Chicago, IL 60603
DKEbner@deborahebnelaw.com,
webmaster@dentertrustee.com;
lizd@deborahebnerlaw.com

Steven Jakubowski
Levenfeld Pearlstein, LLC
2 N. LaSalle, #1300
Chicago, IL 60602
sjakubowski@lelpgal.com,
nbailey@lplegal.com

David Fischer
Edwards Wildman Palmer LLP
225 W. Wacker Dr., #3000
Chicago, IL 60606
fischer@wildman.com

Richard S. Lauter
Freeborn & Peters LLP
311 S. Wacker Dr., #3000
Chicago, IL 60606-6677
rlauter@freebornpeters.com

Thomas C. Cronin
Cronin & Co., Ltd.
233 S. Wacker Dr., Ste. 2100
Chicago, IL 60606
tcc@cronincoltd.com

Gregg Silver
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Thomas Miller
Argentum Medical LLC
3700 N. Lake Shore Dr., #106
Chicago, IL 60613
**Email**

Colette Luchetta-Stendel
Attorney at Law
45 East Maple Street
Lombard, Illinois  60148

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)  **Case No. 11-25515**
ARGENTUM MEDICAL, LLC, a Delaware ) Chapter 11
limited liability corporation. )
) Judge Sonderby
debtor/debtor-in-possession. )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRONIN & CO., LTD., Debtor's Special Litigation Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order
Authorizing Employment: <u>September 1, 2011</u>

Period for Which Compensation
is Sought:  From: <u>September 1, 2011</u> through <u>June 30, 2012</u>

Amount of Fees Sought: <u>$ 280,777.09</u>

Amount of Expense
Reimbursement Sought: <u>$37,410.00</u>

This is a(n):  Interim Application ___    Final Application <u>X</u>
If this is not the first Application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: $175,000.00

Date: <u>July 17, 2012</u>             Applicant:   Scott R. Clar and the firm
                                                  <u>Crane, Heyman, Simon, Welch & Clar</u>

                                            By: <u>/s/Scott R. Clar</u>
                                                     Debtor's Counsel

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                          )
                                                )   Case No. 11-25515
ARGENTUM MEDICAL, LLC, a Delaware               )   Chapter 11
limited liability corporation.                  )
                                                )   Judge Barnes

MOTION OF SPECIAL COUNSEL
CRONIN & CO., LTD. FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES

Now come Thomas C. Cronin, of the law firm of Cronin & Co., Ltd. (hereinafter, "Special Counsel"), special litigation, appellate and malpractice counsel for the debtor/debtor-in-possession, Argentum Medical, LLC ("Debtor"), and for the Motion pursuant to Sections 330 and 331 of the Bankruptcy Code for Allowance and Payment of Compensation and Reimbursement of Expenses, respectfully states as follows:

### A. *Introduction*

1. On June 17, 2011, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. Since the Petition Date, the Debtor has operated its business and managed its financial affairs as a debtor-in-possession.

3. An official committee of unsecured creditors was been appointed and active in the Debtor's Chapter 11 case; no trustee or examiner has been appointed to serve in the Debtor's reorganization case.

4. The Debtor is a Delaware limited liability company located at 3700 N. Lakeshore Drive, Chicago, Illinois 60613 and 464 Stamp Creek Road, Salem, South Carolina, and is

1

engaged in the business of manufacturing and distribution of medical devices for the professional market.

5.  On or around August 26, 2011, the Debtor presented its motion to employ Special Counsel and on September 1, 2011 an Order was entered by this Court granting the Motion to Employ. A copy of Special Counsel's Engagement Agreement (the "Agreement"), filed August 26, 2011, is attached as *Exhibit A*.

6.  By this Motion, and pursuant to the terms of the Agreement (*Exhibit A*), Special Counsel requests an allowance of contingent compensation and reimbursement of expenses in the amounts of $105,777.09 and $37,410.82, respectively, for services provided through and including June 30, 2012 and approval of Special Counsel's itemization of fees and services rendered including Debtor's payment of $175,000 as set forth in the Agreement (*Exhibit A*).

7.  The Debtor's Chapter 11 case has progressed to confirmation of its Fourth Amended Plan of Reorganization on April 26, 2012, and all distributions to creditors except the law firm of Freeborn & Peters ("F&P") have been paid. The funds to pay F&P's allowed and negotiated $350,000 general unsecured claim are currently held in escrow pending a "good faith finding" from the District Court for the Northern District of Illinois in a suit brought by the Debtor for legal malpractice against the Rockey Depke & Lyons law firm.

***B.   The Engagement Agreement***

8.  The terms of the August 26, 2011 Agreement provided both fees and contingent recovery as compensation for Special Counsel's legal services in connection with a number of specified matters.

9.  Specifically, the Agreement provides that Special Counsel would be paid $175,000 (one hundred seventy five thousand dollars) over time for providing legal services

2

related to specific matters and, in addition to the $175,000 payments, would be permitted to collect certain contingent fees based on the results achieved in the various litigations. As set forth in the Agreement, such matters include: a) insurance coverage litigation (*Argentum et al. v. Federal Insurance Co.*, Number 11-cv-8594, United States District Court for the Northern District of Illinois); b) ongoing litigation in pending federal dispute in the Middle District of Pennsylvania (*Noble Biomaterials v. Argentum et al.*, Number 3:08-cv-1305, United States District Court for the Middle District of Pennsylvania); c) prosecuting four consolidated appeals of decisions issued in that patent litigation from the Middle District of Pennsylvania (Argentum v. Noble Biomaterials, Numbers 2011-1618, 2011-1640, 2012-1035, United States Court of Appeals for the Federal Circuit); and d) specific malpractice litigation against Debtor's former counsel (*Argentum et al. v. Rockey Depke*, Number 11-cv-8594, United States District Court for the Northern District of Illinois).

10.   Special Counsel reports the status of each matter as follows:

a.   The coverage litigation against Federal Insurance Company (complaint filed May 26, 2011) has been successfully resolved and compromised, generating $660,000 in proceeds for the Debtor. *See* Doc 140, December 22, 2011, Order Approving Settlement Agreement and Release With Federal Insurance Company.

b.   The Noble litigation in the Middle District of Pennsylvania is not quite concluded. There remains at a minimum a pending fee petition dispute between certain parties. All pending matters have been briefed and await ruling from the Court;

c.   There remain four pending appeals before the United States District Court for the Federal Circuit. Appellants, Argentum *et al.*, have prepared and filed their opening consolidated

3

brief and appendix in January 2012. Briefing is not yet concluded and no oral argument has yet been scheduled;

    d.    Argentum's malpractice litigation against its former counsel is also still pending in the United States District Court for the Northern District of Illinois. Debtor has settled certain claims with former counsel, Freeborn & Peters LLP. *See* Doc 338, April 25, 2012, Order Approving Settlement And Resolving Claim No. 8-1 Of Freeborn & Peters LLC. As a result of such settlement, the claim of Freeborn & Peters LLP for $1,063,108.36 (one million sixty-three thousand one hundred eight dollars and thirty-six cents) in fees and expenses has been withdrawn in return for a payment of $350,000 (three hundred fifty thousand dollars), resulting in reduced claims and benefits to the Debtor in the amount of $713,108.36 (seven hundred thirteen thousand one hundred eight dollars and thirty-six cents).

    *C.*    ***Special Counsel's Fees, Expenses and Contingent Recoveries***

    11.    Special Counsel attaches its statement of fees and expenses as ***Exhibit B***. ***Exhibit B*** describes in detail the legal services provided by Special Counsel. Specifically, ***Exhibit B*** sets forth that Special Counsel expended $236,703.25 in total time and fees, calculated pursuant to the rates set forth in the Agreement (***Exhibit A***). Moreover, as set forth in ***Exhibit B***, Debtor has paid from August 17, 2011 through January 18, 2012 the $175,000 described in the Agreement.

    12.    In addition, Special Counsel identifies a total of $37,410.82 in reimbursable expenses. The specific expenses that comprise this figure are set forth in Special Counsel's statement of fees and expenses (***Exhibit B***) and further documentation for such expenses is attached in Special Counsel's statement of disbursements, attached as ***Exhibit C***.

    13.    Pursuant to the Agreement (***Exhibit A***), Special Counsel also requests certain contingent payments as follows:

a.      The coverage litigation against Federal Insurance Company generated, as described above, $660,000 in proceeds for the Debtor. Pursuant to the section 2(a) of the Agreement (Exhibit A), Special Counsel may receive a contingent recovery of 25% of any amount over $650,000. Thus, Special Counsel requests a contingent recovery of $2,500 (two thousand five hundred dollars). That figure is determined as follows:

$660,000 in proceeds
less $650,000 threshold equals $10,000;
25% of $10,000 equals $2,500

b.      In addition to the above settlement, there has also been a significantly valuable compromise of issues and claims involving Freeborn & Peters, LLP. As set forth in Document 240 (March 1, 2012, Motion to Approve Compromise or Settlement per Rule 9019 With Freeborn & Peters LLP) and Document 338 (April 25, 2012, Order Approving Settlement And Resolving Claim No. 8-1 Of Freeborn & Peters LLC), Freeborn & Peters LLP filed its claim for $1,063,108.36 (one million sixty-three thousand one hundred eight dollars and thirty-six cents) in fees and expenses. As a result of Special Counsel's efforts and services (with, of course, the excellent efforts and services of others including Debtor's Counsel, Scott Clar), that claim has been withdrawn in return for a payment of $350,000 (three hundred fifty thousand dollars), resulting in reduced claims and benefits to the Debtor in the amount of $713,108.36 (seven hundred thirteen thousand one hundred eight dollars and thirty-six cents). Thus, pursuant to section 2(c) of the Agreement (*Exhibit A*), Special Counsel requests a contingent recovery of $103,277.09 (one hundred three thousand two-hundred seventy-seven dollars and nine cents). That figure is determined as follows:

$713,108.36 in reduced claims and benefits
less $300,000 threshold equals $413,108.36;
25% of $413,108.36 equals $103,277.09

5

14. As a result of the foregoing, Special Counsel requests the following compensations and expense reimbursement:

a. Approval of Special Counsel's itemization of fees and services rendered including Debtor's payment of $175,000 as set forth in the Agreement (*Exhibit A*) and statement of fees and expenses (*Exhibit B*);

b. Payment of $37,410.82 in expenses as set forth in the statement of fees and expenses (Exhibit B) and statement of disbursements (*Exhibit C*);

c. Payment of $105,777.09 in contingent recovery per the Agreement (*Exhibit A*).

### D. *Conclusion*

15. Special Counsel respectfully submits that the compensation requested in this Motion is reasonable for the actual and necessary legal services rendered, based upon the time, nature, extent and value of such legal services. Special Counsel further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

16. Moreover, Special Counsel submits that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

*WHEREFORE*, for the foregoing reasons, Thomas C. Cronin for the law firm of Cronin & Co., Ltd., special counsel for the Debtor, pray for the entry of an order pursuant to Sections 330 and 331 of the Bankruptcy Code, as follows:

a) Allowing payment of contingent compensation and reimbursement of expenses to Special Counsel in the amounts of $105,777.09 and $37,410.82, respectively for services provided through and including June 30, 2012 and approval of Special Counsel's itemization of

6

fees and services rendered including Debtor's payment of $175,000 as set forth in the engagement agreement; and

    c) Granting such other relief as may be just and equitable.

> Respectfully submitted,
>
> Thomas C. Cronin
> Cronin & Co., Ltd.
> By: /s/ Thomas C. Cronin

**SPECIAL COUNSEL:**
Thomas C. Cronin
(Atty. No. 6204065)
Aaron L. Davis
(Atty. No. 6303144)
233 South Wacker Drive
Suite 2100
Chicago, IL 60603
(312)201-7100

7